UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS HARRIS and KIMBERLY
BOYD-HARRIS,

        Plaintiffs,                    Case No. 2:24-cv-13267

v.                                       Honorable Susan K. DeClercq
                                          United States District Judge

UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT,

        Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' *EX PARTE*
MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)**

On December 9, 2024, Ross Harris and his mother, Kimberly Boyd-Harris, proceeding *pro* se, sued the United States and the U.S. Department of Housing and Urban Development ("HUD"). ECF No. 1. The Harrises allege that HUD "took assignment" of a vacant property at 16127 Mark Twain Street in Detroit, Michigan, but ignored its "non-discretionary duties" to maintain the property. *Id.* at PageID.2. As a result of HUD's alleged inaction, "[t]heft, flooding, rodent infestation, and vandalism" ensued at the property, which severely impacted the Harrises because they live next door. *Id.* Ross Harris then took it upon himself to maintain the property at his own expense. *Id.* at PageID.4. The Harrises therefore bring claims against the

United States for negligence under the Federal Tort Claims Act (FTCA), and against HUD for both "Arbitrary and Capricious Agency Action" under the Administrative Procedure Act (APA), and for creating a public nuisance under Michigan law. *Id.* at PageID.5.

At the same time that the Harrises filed their complaint, they also filed a motion for temporary restraining order (TRO), seeking to prevent HUD from "evict[ing]" Ross Harris from the vacant property. ECF No. 2. However, it is unclear from the complaint or the motion whether Ross Harris actually resides at the vacant property, especially because his address is not listed as the vacant property.[1] *See* ECF No. 2 at PageID.11. Even so, he requests that HUD be enjoined from executing a December 5, 2024, writ of eviction against him. ECF Nos. 1 at PageID.6; 2 at PageID.11.

To date, there is no indication that the Harrises attempted to serve the motion for TRO on either the United States or HUD, nor has either Defendant appeared in the case. Accordingly, the Harrises proceed *ex parte* on their motion for TRO—that is, without written or oral notice to the adverse party.

---

[1] Nor is Kimberly Boyd-Harris alleged to live at the vacant property. Her address is listed as next door to it.

Civil Rule 65 governs motions for temporary restraining orders. It states that courts "may issue a temporary restraining order without written or oral notice to the adverse party" only when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

The Harrises have not complied with either of these requirements. First, as it stands, they have not articulated specific facts in an affidavit or verified complaint that immediate irreparable injury or loss will occur before notice can be given to HUD and the United States. FED. R. CIV. P. (b)(1)(A). Although they allege that on December 5, 2024, HUD obtained "a writ of eviction" against Ross Harris for the vacant property, nothing suggests that either of the Harrises are currently living at the property or risk immediate, irreparable injury if evicted since both are alleged to live elsewhere. ECF No. 1 at PageID.6. Accordingly, it is not clear that the "danger [of eviction] is so immediate to necessitate a TRO without an opportunity for the Defendants to be heard." *Jackson v. U.S. Bank Loan Serv.*, No. 09-12716, 2009 WL 2447485, at *3 (E.D. Mich. Aug. 6, 2009).

Second, the Harrises have failed to "certif[y] in writing any efforts made to give notice [of their motion] and the reasons why it should not be required." FED. R.

- 3 -

C<span>IV</span>. P. 65(b)(1)(B). Indeed, the Harrises have provided no evidence of any efforts to notify either Defendant of this case or motion, and they have not given any reason why notice should not be required. *See Wiggins v. Nationstar Mortg. LLC*, No. 14-CV-12680, 2014 WL 3400911, at *1 (E.D. Mich. July 10, 2014).

In sum, the Harrises have not complied with either procedural requirement of Civil Rule 65(b)(1), so their motion for a TRO will be denied without prejudice. *See Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (denying motion for temporary restraining order because Civil Rule 65(b)(1) was not satisfied) (collecting cases).

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, ECF No. 2, is **DENIED WITHOUT PREJUDICE**.

                                              */s/Susan K. DeClercq*
                                              SUSAN K. DeCLERCQ
                                              United States District Judge

Dated: 12/12/2024