UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS HARRIS and KIMBERLY
BOYD-HARRIS,

            Plaintiffs,            Case No. 2:24-cv-13267

v.                                        Honorable Susan K. DeClercq
                                          United States District Judge

UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT,

            Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 33), DISMISSING PLAINTIFFS' COMPLAINT (ECF No. 28), AND DENYING AS MOOT PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 16)**

Plaintiffs Ross Harris and Kimberly Boyd-Harris, proceeding *pro se*, sued the United States and the United States Department of Housing and Urban Development (HUD) for damages stemming from HUD's involvement with a house on Mark Twain Street in Detroit, Michigan. ECF No. 28. That house was subject to a Home Equity Conversion Mortgage (HEMC)—a reverse mortgage insured by HUD—until one of the house's two residents passed away and the other moved. HUD eventually foreclosed on the house and successfully bid on it at the foreclosure sale.

The Plaintiffs contend that, at some point after taking assignment of the HECM, HUD violated a duty to conduct monthly inspections on the house, which they allege allowed the house to fall into disrepair, thus causing safety risks to Kimberly, the next-door neighbor. Those risks, Plaintiffs allege, compelled Ross, Kimberly's son and caregiver, to invest time and resources into the neglected property. Through this suit, Plaintiffs seek to recover those investments along with damages for Ross's emotional distress and Kimberly's heightened health risks, reduced home value, and emotional distress. They also seek to stay an eviction judgment against Ross, who began residing in the Mark Twain property in an effort to rehabilitate and secure it.[1]

Defendants now seek dismissal of Plaintiffs' complaint under Civil Rules 12(b)(1) and 12(b)(6). ECF No. 33. For the reasons discussed below, this Court will grant the Defendants' motion to dismiss the complaint in its entirety, rendering Plaintiffs' related motion for a preliminary injunction moot.

## I. BACKGROUND

Plaintiff Kimberly Boyd-Harris, a "disabled homeowner," lives next door to an allegedly neglected property located at 16127 Mark Twain Street in Detroit,

---

[1] In their consolidated complaint, Plaintiffs request an order "vacating HUD's eviction actions." ECF No. 28 at PageID.94. And, in a separate motion for a preliminary injunction, Plaintiffs request an injunction "preventing the eviction of Ross Harris from the property . . . pending resolution of this case on the merits." ECF No. 16 at PageID.57.

Michigan (the "Mark Twain Property"). ECF No. 28 at PageID.92. The previous owners of that home, Arleen Ballinger and Irving Ballinger, executed an Adjustable Rate Home Conversion Mortgage in favor of Wells Fargo on January 30, 2007. ECF No. 33-3 at PageID.143.[2] Acting under the National Housing Act, 12 U.S.C. §§ 1702 and 1716 *et seq.*, HUD insured the mortgage. *Id.* A mortgage company, Nationstar Mortgage, later assigned the mortgage to HUD on August 10, 2021. *Id.*; ECF No. 33-2. After Irving Ballinger died and Arleen Ballinger moved, HUD declared the delinquent amount owed on the mortgage—$122,787.02 as of June 15, 2023—due and payable immediately. ECF No. 33-3 at PageID.143. That same day, HUD issued a Notice of Default and Foreclosure Sale, which HUD recorded with the Wayne County Register of Deeds on June 20, 2023. *Id.* at PageID.145–46. This notice scheduled a public auction of the property for July 18, 2023. *Id.* at PageID.144. At the auction, HUD submitted a winning bid of $125,716.99, securing ownership of the property, ECF No. 33-4 at PageID.148.

Plaintiffs allege that, while these events unfolded, the Mark Twain property fell into disrepair, resulting in "[t]heft, flooding, rodent infestation, copper stripping,

---

[2] This Court may take judicial notice of the mortgage and subsequent assignments because it appears the mortgage and subsequent assignments were all recorded by the Wayne County Register of Deeds. *See Crowton v. Bank of Am.*, No. 18-cv-10232, 2019 WL 423505, at *4 (E.D. Mich. Feb. 4, 2019) (noting that courts may take judicial notice of recorded mortgages because they are available public documents, but that courts may not take judicial notice of unrecorded mortgages, because they are not publicly available documents).

and vandalism" that posed a danger to Kimberly living next door. ECF No. 28 at PageID.92. Kimberly's son and caregiver, Ross, took it upon himself to address those risks for the sake of his disabled mother. *Id.* Specifically, Ross took up residence in the then-vacant property, "placed utilities in his own name, [and] installed a furnace, water heater, and security measures." *Id.* at PageID.93. In total, Plaintiffs allege that Ross "expended more than $10,000 to deter criminal activity." *Id.*

## II. LEGAL STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiffs' favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). When reviewing a motion to dismiss brought under Rule 12(b)(6), a court "may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79 (quotations and citation

omitted). Plaintiffs need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."). Otherwise, the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

### III. DISCUSSION

Plaintiff's consolidated complaint asserts three claims organized into as many counts. ECF No. 28 at PageID.94. Count I alleges negligence against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671, *et seq. Id.* Count II alleges a violation by HUD of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq. Id.* Count III alleges nuisance against HUD in violation of Mich. Comp. Laws § 600.2940. *Id.* Defendants, United States of America and HUD, seek dismissal of each count. *See generally* ECF No. 33. Their motion raises a host of arguments centered around six issues: (1) Plaintiffs' negligence claim (Count I) fails to plead sufficient facts to allege liability; (2) Plaintiffs' Administrative

Procedure Act claim (Count II) fails to allege a non-discretionary duty that Defendants failed to undertake; and (3) the same claim also fails because this Court lacks the power to overturn a state court eviction judgment; (4) Plaintiffs' nuisance claim (Count III) is foreclosed by federal law by way of the Supremacy Clause; (5) the same claim is also foreclosed by sovereign immunity; and (6) the nuisance claim is also barred by the doctrine of claim preclusion. *Id.* at PageID.115. Each count is discussed in turn below.

### A. Count I: Negligence—FTCA

The Federal Tort Claims Act (FTCA) provides that the United States may be held liable in certain circumstances, thereby waiving sovereign immunity. *Brownback v. King*, 592 U.S. 209, 212 (2021). In a recent decision, the Supreme Court offered this overview of the Act:

> The FTCA is the "supreme" federal law addressing the United States' liability for torts committed by its agents. It supplies the "exclusive remedy" for damages claims arising out of federal employees' official conduct. And, as we have seen, the government will usually be liable if a "private individual under like circumstances," § 2674, "would be liable to the claimant in accordance with the law of the place where the act or omission occurred," § 1346(b)(1). Accordingly, a plaintiff may generally prevail in an FTCA suit by demonstrating that "the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward."

*Martin v. United States*, 145 S. Ct. 1689, 1700 (2025) (citations omitted).

In this case, Michigan provides the "law of the place" because all the acts or omissions alleged in the complaint occurred within the state. *See id.* (citing 28 U.S.C.

§ 1346(b)(1)); *see also Millhouse v. Jones*, No. 20-5300, 2021 WL 1063196, at *3 (6th Cir. 2021) ("Liability is determined in accordance with the law of the state where the alleged conduct occurred.").

Under Michigan law, "negligence actions . . . require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F & E Oil, Inc.*, 1 N.W.3d 44, 51 (Mich. 2023); *see also El-Jamaly v. Kirco Manix Constr., LLC*, 22 N.W.3d 377, 392 (Mich. 2024) ("To establish a negligence cause of action, a plaintiff must prove that the defendant owed a legal duty to the plaintiff, that the defendant breached or violated that duty, that the plaintiff suffered damages, and that the breach was a proximate cause of the damages suffered."). Plaintiffs do not allege that Defendants violated a *state* law duty of care. *See generally* ECF No. 28.

Rather than plausibly state a claim that Defendants were negligent under Michigan law, Plaintiffs argue instead that Defendants breached a duty set forth by federal regulations. ECF No. 28 at PageID.94 (citing 24 C.F.R. § 206.140). In conclusory fashion, they also assert that "[a] private Michigan property owner who allowed such dangerous conditions would be liable in negligence." ECF No. 28 at PageID.94. But they do not develop this further with any factual allegations or legal authority.

Plaintiffs' approach misunderstands the FTCA. Recall, the FTCA adopts the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Put

- 7 -

differently, "the FTCA neither creates causes of action against the United States nor provides a means of enforcing federal statutory duties." *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010) (citation modified). Here, this means Plaintiffs cannot rely on Defendants' alleged failure to comply with a federal regulation to establish liability under the FCTA. *See Schindler v. United States*, 661 F.2d 552, 560 (6th Cir. 1981) ("[T]he federal regulatory statute is not the source of a private right of action."); *see also Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1157 (D.C. Cir. 1985) ("Duties set forth in *federal law* do not, therefore, automatically create duties cognizable under *local tort* law. The pertinent inquiry is whether the duties set forth in the federal law are analogous to those imposed under local tort law." (emphasis in original)). Instead, Plaintiffs must allege negligence under Michigan law. Because they have not done so, Count I of the consolidated complaint does not plausibly state a claim upon which relief can be granted for purposes of Civil Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). Accordingly, this Court will dismiss Count I for failure to state a claim.

### B. Count II: Administrative Procedures Act

Plaintiffs accuse HUD of arbitrary and capricious conduct in violation of the Administrative Procedures Act (APA) by "denying ownership while later foreclosing; refusing all preservation; then evicting the only person preserving the premises." ECF No. 28 at PageID.94. As a remedy, they seek an order "under 5

U.S.C. § 706(2)(A) vacating HUD's eviction actions and compelling regulatory compliance" presumably with 24 C.F.R. § 206.140. *Id.*

The APA provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside" certain agency actions. 5 U.S.C. §§ 706(1)–(2). Claims under § 706(1) are limited—as Defendants point out in their motion—to cases "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original); *Barrios Garcia v. United States Dep't of Homeland Sec.*, 25 F.4th 430, 451 (6th Cir. 2022) (citing *Norton* and observing that "[s]ection 706(1) turns on discretion"). "An agency can create a non-discretionary duty by binding itself through a regulation carrying the force of law." *Barrios Garcia*, 25 F.4th at 451 (quoting *Elec. Priv. Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1244 (D.C. Cir. 2018)).

Defendants argue that, unlike the agency in *Barrios Garcia*, HUD was not required to comply with the regulations cited in Plaintiffs' complaint. ECF No. 33 at PageID.138. Indeed, they argue, the regulation does not even apply to HUD here because the regulation applies only to mortgagees and HUD is not a mortgagee but instead "owns the property outright." *Id.* But Defendants' argument overlooks the fact that Plaintiffs' complaint alleges arbitrary and capricious conduct by HUD *prior*

to HUD's ownership of the property, dating back to when the mortgage was assigned to HUD in 2021. *See* ECF No. 28 at PageID.93.

Nevertheless, Defendants put forward an alternative argument that does prevail. Invoking the *Rooker-Feldman* doctrine, Defendants argue that this Court "lacks jurisdiction . . . to vacate HUD's eviction actions." ECF No. 33 at PageID.138; *see also Veasley v. Fed. Nat'l Mortg. Ass'n*, 623 F. App'x 290, 293 (6th Cir. 2015) ("The *Rooker-Feldman* doctrine is jurisdictional in nature and prevents lower federal courts from exercising appellate jurisdiction over final state-court judgments."). As grounds for this argument, Defendants note that (1) a state court issued the eviction judgments that Plaintiffs' ask this Court to vacate and (2) the *Rooker-Feldman* doctrine prohibits this Court from reviewing a state court judgment. *Id.* at PageID.138–39.

Defendants are correct. The *Rooker-Feldman* doctrine "bars a state-court loser from circumventing 28 U.S.C. § 1257, which limits appeals of state court decisions to one venue—the United States Supreme Court." *Patterson v. United HealthCare Ins. Co.*, 76 F.4th 487, 494 (6th Cir. 2024). The state court judgment here, *see* ECF Nos. 33-5; 33-6, is final as it resolved the dispute and authorized HUD to apply for an order of eviction by a certain date if Ross had not vacated the property on his own

initiative by then.³ Therefore, to determine whether that doctrine applies here, this Court must "look to the 'source of the injury' alleged in the federal complaint." *Veasley*, 623 F. App'x at 293 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Here, as indicated by Plaintiffs' request that this Court "vacat[e] HUD's eviction actions," ECF No. 28 at PageID.94, the injury—eviction from the property and loss of possessory interest—clearly stems from the state court judgment. Thus, as to Count II, Plaintiffs' federal suit fits "squarely within th[e] narrow range of cases over which jurisdiction does not exist." *Given v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (applying the *Rooker-Feldman* doctrine and concluding that "the source of [the plaintiff's] injuries is the state possession order."). Accordingly, this Court will dismiss Count II for lack of jurisdiction.

---

³ *See United States v. All Occupants*, Case No. 23-355102-LT (Wayne Cnty. Cir. Ct. Nov. 17, 2023) (Available via MiCOURT Case Search at: https://mi court.courts.michigan.gov/case-search/court/D36/case-details?caseId=2023-23355 102-LT&tenantKey=D36-82-1617959-00-00&searchUrl=%2Fcourt%2FD36%2F search%3FcaseNumber%3D23355102%26page%3D1.) Under Michigan law, the state court judgment of possession became final on November 27, 2023. *See* Mich. Ct. R. 4.201(N) (allowing ten days for post-judgment motions). So, as in *Veasley*, the state court judgment of possession became final over a year before Plaintiffs filed their federal complaint. *See Veasley*, 623 F. App'x at 294 (discussing finality issue). And, if that were not enough, the state court here ultimately went ahead and issued eviction orders in January 2024, also long before Plaintiffs filed their federal complaint. *See United States v. All Occupants*, Case No. 23-355102-LT (Wayne Cnty. Cir. Ct. Jan. 9 & 16, 2024).

## C. Count III: Nuisance

Lastly, Plaintiffs bring a nuisance claim against HUD under Mich. Comp. Law § 600.2940. ECF No. 28 at PageID.94. As Defendants rightly enumerate in their motion, this count suffers from several fatal flaws. *See* ECF No. 33 at PageID.124–130.

To start, Plaintiffs' previous attempt to bring a similar action failed. *See Harris v. Ballinger*, No. 23-11984, 2023 WL 8701289 (E.D. Mich. Dec. 15, 2023). In that case, Ross Harris sued Arlene Ballinger, Wells Fargo, and HUD, alleging that they "abandoned their property and that it is an eyesore that contributes to lower property values and an unsafe environment." *Id.* at *1. As in this case, HUD moved to dismiss that suit. *Id.* The court granted that motion and dismissed the case for two reasons that also apply here: (1) HUD is not subject to state public nuisance laws because those laws are preempted by the federal National Housing Act, *see id.* at *2 (citing *United States v. City of St. Paul*, 258 F.3d 750 (8th Cir. 2001) (holding that local nuisance laws are preempted pursuant to the Supremacy Clause)); and (2) Ross did not identify a waiver of sovereign immunity permitting the suit, *see id.* at *3 (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000) ("If [plaintiff] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds.")).

In response to Defendants' arguments, Plaintiffs present two arguments as to why the nuisance claim in this suit is different. First, they argue that their complaint

- 12 -

in this action "corrects those defects by asserting only federal causes of action under the FTCA and APA." ECF No. 37 at PageID.166. But this is incorrect because, as outlined above, the FTCA does not create a cause of action. Plaintiffs must instead allege a violation of state tort law, and HUD is not subject to state nuisance laws. Second, Plaintiffs argue that they have identified a waiver of sovereign immunity. *Id.* at PageID.167 ("The FTCA waives immunity for negligence claims against the United States (28 U.S.C. § 1346(b))."). But, again, this is insufficient. As Judge Sean F. Cox explained in his opinion and order dismissing the prior suit, Plaintiffs must identify the immunity waiver in their complaint. *Harris*, 2023 WL 8701289 at *3 (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")). Here, Plaintiffs' consolidated complaint does not identify a waiver of sovereign immunity. Thus, the nuisance claim raised in Count III fails for the same reasons that Ross's prior nuisance claim failed.

Moreover, as Defendants point out, Plaintiffs brought their nuisance claim against only HUD and not against the United States. In this way, this Court does not have jurisdiction over Plaintiff's claims. *See Adu-Beniako v. Reimann*, No. 21-2978, 2022 WL 453872, at *3 (6th Cir. 2022) (unreported) (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.")).

True, Plaintiffs' errors in naming the proper defendant and identifying an immunity waiver in the complaint could be fixed. But the error in pleading a nuisance claim against HUD, an entity not subject to nuisance claims, cannot be fixed. Accordingly, this Court will dismiss with prejudice Count III for lack of jurisdiction.

### IV. CONCLUSION

At least from the face of the complaint, Ross's efforts on behalf of his mother appear well-intentioned and commendable. It also goes without saying that the harm he and his mother suffered because of the disrepair is unfortunate. So, it is entirely understandable that Plaintiffs have made this effort at redress. But, for the reasons outlined above, they have not stated a claim upon which this Court can grant relief.

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Dismiss, ECF No. 33, is **GRANTED**;

2. Plaintiffs' Amended Complaint, ECF No. 28, is **DISMISSED** with prejudice; and

3. Plaintiffs' Motion for a Preliminary Injunction, ECF No. 16, is **DENIED** as moot.

**This is a final order that closes the above-captioned case.**

/s/Susan K. DeClercq<br>
SUSAN K. DeCLERCQ<br>
United States District Judge

Dated: September 26, 2025